HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE OF WASHINGTON,

    Plaintiff,

    v.

JANET RAE TIBBITS,

    Defendant.

Case No. MC08-5006RBL

ORDER FOR SUMMARY REMAND

The defendant, Janet Rae Tibbits, has filed a Notice of Removal pursuant to 28 U.S.C. §1446 of Pierce County Superior Court criminal case, Cause No. 07-1-00851-1. The copies of the Pierce County Superior Court record she filed in support of her Notice include a copy of her March 18, 2008 guilty plea[1] to an Amended Information charging her with Attempted Unlawful Delivery of a Controlled Substance, Unlawful Possession of a Controlled Substance and Bail Jumping.

---

[1] Title 28 U.S.C. §1446(c)(1) provides that:

> A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

By the terms of Defendant's guilty plea she expressly waived her right to a jury trial; therefore, this Notice was not filed "at any time before trial" and is not timely. The Pierce County Superior Court docket publicly available on their website indicates the defendant has filed a Motion to Withdraw her Guilty Plea in the pending Pierce County case. Notwithstanding that motion and the provision in §1446(c)(1) allowing the Court to extend the time for filing of the Notice for "good cause shown," the matter will be remanded for the reasons stated in this Order.

ORDER
Page - 1

A state criminal prosecution may be removed to this Court by a defendant only under limited circumstances. There are three statutes which govern the removal to this Court of criminal prosecutions. Pursuant to 28 U.S.C. §1442, federal officers prosecuted for acts done in furtherance of their official duties may remove the state prosecution to federal court. Under §1442a members of the armed forces in certain limited situations may remove the state prosecution to federal court. Finally, under 28 U.S.C. §1443(1) and (2), a defendant may remove a state prosecution to federal court where it is:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

In her Notice of Removal Ms. Tibbits does not cite to any of these statutes.

Section 1446(a) provides in pertinent part that "[a] defendant . . . desiring to remove any . . . criminal prosecution from a State court shall file in the district court . . . a short and plain statement of the grounds for removal . . . ." The defendant's Notice does not contain any such short and plain statement of the grounds for removal. Her only possible statement in the Notice that may meet this requirement is that the crimes she pleaded guilty to occurred on Indian trust lands, arguably invoking Section 1443. However, the fact that her crimes may have occurred on trust lands does not permit removal because her Notice is devoid of facts which indicates that her rights could not be completely vindicated in the Pierce County Superior Court. *Maurietta v. State of Arizona*, 395 F.2d 210, 211 (9th Cir. 1968). ("There is no right of removal of a case such as this to the United States District Court. It is a privilege granted by Congress and is available only where a 'person * * * is denied or cannot enforce in the courts of such State a right providing for the equal civil rights of citizens of the United States.' Title 28 U.S.C. §1443(1).") The Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966) defined the term "equal civil rights" in Section 1443(1) to mean "any law providing for specific civil rights stated in terms of racial equality." *Id.*, at 792. Thus, broad allegations of violations of equal protection or due process do not support removal of claims under Section 1443(1). *State of New Mexico v. Tartaglia*, 365 F.Supp. 171, 173 (D.N.M. 1973) (removal not proper under Section 1443(1) wherein defendants alleged that their civil rights were being denied them by the policy of state officials in systematically and discriminatorily arresting and trying a disproportionate number of people with Spanish surnames for the

1 offenses of possession and distribution of heroin). Furthermore, a private individual may not remove a criminal case under Section 1443(2). *City of Greenwood v. Peacock*, 384 U.S. 808 (1966).

Because the defendant does not provide a short and plain statement of the grounds for removal, and because removal is not in any event available to her under the applicable statutes, this matter is summarily remanded to the Pierce County Superior Court. 28 U.S.C. §1446(c)(4).

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 25th day of April, 2008.

                                             RONALD B. LEIGHTON
                                             UNITED STATES DISTRICT JUDGE